

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Dan W. Jackson
District Attorney
Civil Courts Building
Houston, Texas

Dear Sir:

Opinion No. O-4416,
Re: Collection of penalty and interest on delinquent taxes, payment of which taxes within period of H. B. 76, 47th Legislature, was prevented by mistaken certificate of tax collector.

In your letter of May 22, 1942, you advise that the Tax Assessor and Collector has submitted to you these facts:

"'In this case, a taxpayer came to this office and requested that we give him a statement of all his taxes in order that he could qualify under House Bill No. 76. He furnished this office with descriptions of properties owned by him, and on completing same he tendered his check and went on his way, thinking that all of his taxes were paid.

"'Several months later, it was discovered that he had not paid the 1938 taxes on a certain lease, however, he had paid the 1939 and 1940 taxes on Redemption Receipt No. 2805, dated August 25, 1941, under provisions of House Bill No. 76.

"'As this party stood willing and ready to pay, and did pay the amounts as represented, but as the clerk inadvertently omitted the 1938 charge, it seems to me that he could be given relief by the issuance of a supplemental receipt.'

". . . ."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

You request our opinion as to whether the Tax Assessor and Collector would be permitted to issue a supplemental redemption receipt under the terms of H. B. 76, 47th Legislature, and under such terms as the original receipt was written, that is, without requiring payment of the statutory penalty and interest.

In our opinion No. O-4299, the facts involved were: during the life of H. B. 76, a tax collector had told a taxpayer that he would figure the amount of delinquent taxes due by such taxpayer and send her a statement. This was not done until after November 1, 1941, and we held that the penalty and interest would have to be collected.

In our opinion No. O-1960, a tax collector had issued his certificate that all taxes due on a certain piece of property had been paid. It was later found that he was mistaken, in that some of such taxes had not been paid and were delinquent. We cited City of San Angelo vs. Deutsch, 91 S. W. (2) 308, and held that such delinquent tax, and penalty and interest due thereon, were collectible.

H. B. 76 terminated in its own express terms on November 1, 1941, and it contained no remission whatsoever of penalty and interest on taxes paid after that date, no matter what the conditions or reasons for non-payment. Our answer to your question necessarily is a negative one.

Copies of opinions Nos. O-4299 and O-1960 are attached.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL:mp
Encl.

APPROVED DEC 19, 1942

Gerald C. Mann

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN